IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**Faith Assembly of Christ, Inc-DC,**<br><br>Debtor. | Case No. 24-00113-ELG<br><br>Chapter 11 |

### U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE

Gerard R. Vetter, Acting United States Trustee for Region 4 (the "U.S. Trustee"), by counsel, moves this Court to dismiss this chapter 11 case. In support of this motion the following representations are made:

1. The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3. On April 16, 2024, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Doc. No. 1.

4. The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

5. On April 17, 2024, the U.S. Trustee reached out to Debtor, through counsel, to schedule the Initial Debtor Interview ("IDI") with the Office of the U.S. Trustee.

6. On May 1, 2024, the Office of the U.S. Trustee received an email from Debtor's counsel stating that the Debtor's principal would not appear at the IDI scheduled for May 2, 2024.

Kristen S. Eustis, Trial Attorney
Federal Bar No. MD28984
Office of the United States Trustee
1725 Duke St., Suite 650
Alexandria, VA 22314
(703) 557-7227- Direct Dial
Kristen.S.Eustis@usdoj.gov

1

7. At the time of filing this Motion, the Debtor has failed to appear at the IDI scheduled for May 2, 2024, and has failed to respond to requests by the U.S. Trustee.

8. The Debtor has failed to provide any of the documents requested by the U.S. Trustee, including but not limited to copies of insurance policies on the real property, copies of financial statements, federal tax returns, and pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts. Additionally, pursuant to conversations with Debtor's counsel, there may not be insurance on the property.

### Argument

The Court, for cause, after notice and hearing, may dismiss or convert a case to a case under chapter 7, whichever is in the best interests of the creditors and the estate. 11 U.S.C. § 1112(b)(1).

Under 11 U.S.C. § 1112(b)(4)(H) cause exists for "failure timely to provide information or attend meetings reasonably requested by the United States Trustee." As of the date and time of filing this Motion, the U.S. Trustee has not received any of the documents requested by the U.S. Trustee, to include copies of insurance policies on the real property, copies of financial statements, federal tax returns, and pre-petition bank statements, evidence of closing pre-petition bank accounts, and opening of new DIP accounts. Furthermore, the Debtor failed to appear at the IDI scheduled for May 2, 2024. Failure to attend the IDI meeting and to provide such basic information are causes for conversion or dismissal of the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to convert or dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). For the exception to apply, the court must find and specifically identify unusual circumstances

establishing that converting or dismissing the case is not in the best interests of creditors and the estate. *Id.* The debtor or another party in interest must then: (1) establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time; and (2) that the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that it will be cured within a reasonable period of time fixed by the court. *Id.*; *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707 (Bankr. D. Md. 2011). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case in not in the best interest of creditors and the estate.

      WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this case.

May 6, 2024
                                                GERARD R. VETTER
                                                ACTING U.S. TRUSTEE, REGION 4

                                                By: */s/ Kristen S. Eustis*
                                                Kristen S. Eustis, Trial Attorney
                                                Federal Bar No. MD28984
                                                Office of the United States Trustee
                                                1725 Duke St., Suite 650
                                                Alexandria, VA 22314
                                                (703) 557-7227- Direct Dial
                                                Kristen.S.Eustis@usdoj.gov

**Certificate of Service**

       I hereby certify that on May 6, 2024, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

William C. Johnson, Jr. wcjjatty@yahoo.com, wcjjatty@yahoo.com; johnsonwr90391@notify.bestcase.com

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

       I further certify that on May 6, 2024, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and its List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

Faith Assembly of Christ, Inc-DC
4821 Georgia Avenue, NW
Washington, DC 20011

DC Office of Tax and Revenue
1101 4th St. SW, #270
Washington, DC 20024

Internal Revenue Service
31 Hopkins Plaza
Baltimore, MD 21201

                                                      */s/ Robert W. Ours*
                                                      Robert W. Ours
                                                      Paralegal Specialist