## DEED OF TRUST, ASSIGNMENT OF LEASES
## AND SECURITY AGREEMENT

**THIS DEED OF TRUST, ASSIGNMENT OF LEASES AND SECURITY AGREEMENT** (this "Deed of Trust"), dated as of the **21st day of September 2022**, by and between **FAITH ASSEMBLY OF CHRIST, INC.**, a District of Columbia corporation, (the "Grantor"); **GEORGE LEROY MORAN (D.C. Bar No: 234757)**, 4041 University Drive, Suite 301, Fairfax, Virginia 22030 (a resident of Fairfax, Virginia) as trustee hereunder (the "Trustee"); and **ML CAPITAL INVESTMENTS LLC**, a Virginia limited liability company, (which, together with any subsequent holder or holders of the "Note" (defined below), is hereinafter referred to as the "Beneficiary") whose address is **1638 WHITE PINE DRIVE, VIENNA, VA 22182.**

### RECITALS:

1.     **THIS IS A DEED OF TRUST** within the meaning of 42-801 OF THE DISTRICT OF COLUMBIA CODE, ANNOTATED, 1981 EDITION. For the purposes of and to the extent required by such statutory provision, the name of the noteholder secured by this Deed of Trust is **ML CAPITAL INVESTMENTS LLC**, and the address to which communications may be mailed or delivered to such noteholder is set forth in Section 6.3 of this Deed of Trust.

2.     The Beneficiary will fund the Purchase of the Property pursuant to the provisions of those certain loan documents, of even date herewith (the "Loan Documents"), between the Grantor and the Beneficiary.

3.     The Loan is evidenced by that certain deed of trust note (the "Note") of even date herewith made by Grantor payable to the Beneficiary in the stated principal amount of the Loan.

4.     As a condition to making the Loan, the Beneficiary has required, in order to secure the repayment of the Loan, that the Grantor, among other things, convey the "Property" (defined below) to the Trustee and assign its interest in leases, of the Property pursuant to this Deed of Trust. The Note, this Deed of Trust, the Commitment and every other document further evidencing, securing the repayment of, executed in connection with or otherwise related to the Loan are hereinafter referred to as the "Loan Documents".

### DEED OF TRUST AND SECURITY AGREEMENT:

**SECTION 1.  CONVEYANCES IN TRUST, ASSIGNMENT OF LEASES AND CREATION OF SECURITY INTERESTS**

1.1     <u>Conveyance of the Property in Trust.</u>  For and in consideration of the premises and the making of the Loan, and in order to secure the Indebtedness (hereinafter defined), the Grantor hereby grants and conveys to the Trustee, with Special Warranty, all of the following described property, whether now owned or held or hereafter acquired by the Grantor:

**ALL** that certain land situated in **DISTRICT OF COLUMBIA**, and more particularly described on Exhibit "A", and all rights, appurtenances, easements, privileges, remainders and reversions now or hereafter appertaining thereto, including, without limitation, all right, title, interest, property, claim and demand of the Grantor, if any, in and to the land lying in the bed of any street, road, avenue or alley adjacent thereto, either at law or in equity, in possession or expectancy, now existing or hereafter acquired (collectively, the "Land"); and

**TOGETHER WITH** all buildings and improvements now or hereafter erected on the land (the "Improvements");

**TOGETHER WITH** all fixtures and tangible personal property owned by the Grantor and now or hereafter attached to or used or useful in connection with the Land or the Improvements, and replacements thereof, including, but not limited to, all plumbing and electrical apparatus and equipment, cleaning and maintenance equipment, all boilers, tanks, engines, motors, incineration and power equipment, laundry equipment, conduits, switchboards, lifting, cleaning, fire-prevention, fire-extinguishing, refrigeration, ventilation and communications apparatus, elevators, escalators, shades, drapes, awnings, signs, screens, storm doors and windows, stoves, cabinets, partitions, ducts and compressors, piping and plumbing fixtures, pumps, heating, air conditioning and air cooling systems, fixtures and equipment and lighting and air cooling systems, fixtures and equipment and lighting systems, fixtures and all right, title and interest of Grantor in and to any such personal property and fixtures that may be subject to any lease, title retention or security agreement or other instrument (collectively, the "Equipment"). All Equipment is part and parcel of the Land and appropriated to the use of the Land and, whether affixed or annexed or not, shall for the purpose of this Deed of Trust be deemed conclusively to be conveyed hereby.

**TOGETHER WITH** the Grantor's interest in all leases, subleases, service or operating agreements and contracts of or relating to the Land, the Improvements or the Equipment, whether now existing or hereafter entered into; and all rents, income, revenues, royalties, issues and profits (collectively, the "Rents and Profits") now or hereafter arising from the Land, the Improvements or the Equipment; provided that, until the occurrence of an "Event of Default" (as hereinafter defined), and the election of the Beneficiary to collect the Rents and Profits after such Event of Default, the Grantor shall have a license to collect and dispose of the Rents and Profits subject to the provisions of 1.2 below, and provided further that such assignment shall not impose on the  Trustee or the Beneficiary of the Grantor's obligations under such leases, sublease, service or operating agreements and contracts.

**TOGETHER WITH** all proceeds of the conversion, whether voluntary or involuntary, of any of the foregoing real or personal property into cash or other liquid claims, including, without limitation, all awards, payments or proceeds, and any interest thereon, and the right to receive the same, that may be made as the result of any casualty, any exercise of the right of eminent domain or deed in lieu thereof, the alteration of the grade of any street and any injury to or decrease in the value of such property, together with the counsel fees, costs and disbursements incurred by the Beneficiary in connection with the collection of such awards, payments and proceeds (collectively, the "Proceeds"). The Grantor agrees to execute and deliver, from time to

time such further instruments as maybe requested by the Beneficiary to confirm such assignment to the Beneficiary of the Proceeds.

The Land, the Improvements, the Equipment, the Rents and Profits and the Proceeds, together with any substitutions therefore, replacements thereof, any subdivisions or conversions and additions or attachments thereto, are sometimes hereinafter referred to collectively as the "Property". Nothing herein shall be deemed to be an authorization by the Beneficiary to the Grantor to sell, assign or otherwise dispose of the Property, except in accordance with the provisions of this Deed of Trust.

1.2    Assignment of Rents and Leases.

The Grantor also irrevocably and absolutely assigns the Rents and Profits, to the Beneficiary.  Notwithstanding any contrary provisions hereof, this assignment is intended to effect an absolute and immediate assignment from the Grantor to the Beneficiary of the Rents and Profits and not merely the creation of a lien thereon or a security interest therein.  The Grantor shall have a license (the "Grantor's License") to manage and operate the Property and to collect, receive and apply for its own account all Rents as they become due; provided, however, that the Grantor's License shall cease and terminate upon the occurrence of an "Event of Default" (as defined below) or an event that, with notice or the passage of time or both, would constitute an Event of Default.  From and after the cure of all such Events of Default or other events, the Grantor shall not again have the Grantor's License without the prior written consent of the Beneficiary.  Upon the termination of the Grantor's License, the Beneficiary, its agents and employees are hereby expressly and irrevocably authorized before, in conjunction with, or after acceleration of the Note, at the Beneficiary's option, to enter and take possession of the Property (a) by entry at the business or rental office of the Grantor, if any, located upon the Property, or (b) by written notice served personally upon or sent by registered or certified mail to the Grantor in accordance with the provisions of Section 6.3 of this Deed of Trust, as the Beneficiary may elect, and no further authorization shall be required.  The Grantor irrevocably appoints the Beneficiary through any of its authorized officers as the Grantor's attorney-in-fact to do all things which the Grantor might otherwise do with respect to the Property and the Rents and Profits thereon, including, without limitation, collecting rents, issues and profits with or without suit and applying the same, less expenses of collection, to cure a default under the Indebtedness (defined below) or to cure any "Event of Default" (defined below), in such manner as the Beneficiary may elect, leasing , in the name of the Grantor, the whole or any part of the Property which may become vacant, and employing agents therefor and paying such agents reasonable compensation for their services.  The foregoing appointment of the Beneficiary as the attorney-in-fact for the Grantor constitutes a power coupled with an interest and, as such, is irrevocable.  The powers and rights granted in this section shall be in addition to the other remedies provided in this Deed of Trust upon the occurrence of an Event of Default and may be exercised independently of or concurrently with any of such remedies.

1.3    Indebtedness Secured.  The foregoing conveyance of the Property, creation of security interests and assignment are made IN TRUST to secure to the Beneficiary the following (sometimes hereinafter referred to collectively as the "Indebtedness") (i) the payment of all sums becoming due and payable by the Borrower under the Note, in the stated original principal

amount of **ONE MILLION FOUR HUNDRED THOUSAND and 00/100 ($1,400,000.00)** evidencing the Loan, (ii) the payment of all sums becoming due and payable by the Grantor or the Borrower under the terms of this Deed of Trust and of each of the other "Loan Documents" (as hereinafter defined), and (iii) the performance of each and every covenant, agreement, term and condition of the Grantor or the Borrower that is set forth in this Deed of Trust and in each of the other Loan Documents.  The Note contains a provision for interest at a rate of **12% per annum**. The Note is a **sixth-month** note with full payment of all outstanding principal as well as outstanding interests and other costs incurred by the borrower if relevant. The Maker may have the option to extend the Note for an additional four-month period with written notice, for a **(3) point fee** due prior to the beginning of the extension period.

## SECTION 2.   REPRESENTATIONS AND WARRANTIES OF THE GRANTOR

The Grantor hereby represents and warrants that:

2.1      Formation and Authority of the Grantor; Validity of the Loan Documents.

2.1.1    (1)    Faith Assembly of Christ, Inc., a District of Columbia corporation, is duly formed, validly existing, (2) it has all requisite power and authority (i) to execute and deliver this Deed of Trust and all of the other Loan Documents, (ii) to enter into, perform, observe and otherwise comply fully with the provisions of this Deed of Trust and all of the other Loan Documents and (iii) to own and operate the Property and (3) all necessary actions have been taken by the Trustees of the Grantor to confer upon the persons executing this Deed of Trust and all of the other Loan Documents on the Grantor's behalf the power and authority to do so.

2.1.2    Neither the execution and delivery on behalf of the Grantor of, or the performance by the Grantor of its obligations under, this Deed of Trust or any of the other Loan Documents will conflict with or violate, or constitute a default or require any consent or waiver under, any provisions of any mortgage, deed of trust, indenture, evidence of indebtedness, agreement, or governmental or quasi-governmental order, decree, ruling or directive to which the Grantor is a party or by which the Grantor or the Property is bound.

2.2      No Defaults or Litigation.

2.2.1    There are no actions, suits or proceedings pending or overtly threatened against the Grantor or the Property.

2.2.2    The Grantor is in default with respect to any judgment, order, writ, injunction, decree or demand of any court, arbitrator, administrative agency or any governmental or quasi-governmental authority.

2.3      Use of the Property.   The use as a residential investment property complies with all applicable zoning ordinances, subdivision ordinances, land use regulations and restrictive covenants affecting the Property, and all statutes, laws, ordinances, rules, orders and regulations

of all governmental or quasi-governmental authorities with respect to such use have been satisfied.

2.4     Utilities.   That all utility services and facilities necessary, without limitation, public water, storm and sanitary sewer facilities, and electric, telephone and other utility facilities necessary for the operation of the Property, are available at the boundaries of the Land, may be extended to and connected with the Property upon payment of standard tap-on or connection fees and are adequate to serve the Property.

2.5     Taxes. The Land and the Improvements are assessed for taxation separately without regard to any other property, and that, for all purposes, the Land and the Improvements may be mortgaged, conveyed and otherwise dealt with as a separate lot or parcel.

2.6     Books and Records.   All balance sheets, statements of income or loss, reconciliations of surplus and other financial data heretofore furnished to the Beneficiary by or on behalf of the Grantor are true and correct in all material respects, have been prepared in accordance with generally accepted accounting principles consistently applied and fully and accurately present the financial condition of the subjects thereof as of the dates thereof, and that no material adverse change has occurred in the financial condition reflected therein since the dates thereof.

2.7     Environmental Matters.

2.7.1   The Property and the Grantor are not in violation of, or subject to, any existing, pending or threatened investigation by any federal, state or local governmental authority under any law, statute, ordinance, or regulation pertaining to health, industrial hygiene or the environment (collectively, "Environmental Laws"), including without limitation (i) the Comprehensive Environmental Response, Compensation, and Liability act of 1980, as amended, 42 U.S.C. {9601 et seq. ("CERCLA"), and (ii) the Resource Conservation and Recovery act of 1976, 41 U.S.C. {6901 et seq. ("RCRA").

2.7.2   The Grantor has conducted an appropriate inquiry into the previous uses and ownership of the Property and in reliance on such inquiry has determined that no "Hazardous Substance" (as hereinafter defined) has been released or disposed of onto the Property.

2.7.3   The Grantor's use of the Property does not and will not result in disposal of any Hazardous Substance onto the Property.

2.7.4   There are no Hazardous Substances or materials being stored or otherwise held on, under or about the Property by the Grantor or any of its tenants or any other person.

2.7.5   To the Grantor's best knowledge and belief, there is no occurrence or condition on any other real property that could cause the Property or any part thereof to be subject to any restrictions on ownership, occupancy, transferability or use.

2.8    Permits.   All permits, licenses, registrations, certificates, authorizations and approvals required to have been obtained as of the date hereof have been obtained for the execution and delivery of the Loan Documents by the Grantor, the performance and enforcement of the obligations of the Grantor thereunder and the construction, ownership, operation and use of the Property by the Grantor, and the Grantor knows of no reason why any future required permits or approvals cannot be obtained as needed.

2.9    Access.   The Property fronts on, and has unencumbered legal and physical access to, a publicly dedicated and maintained roadway.

2.10    Condition of the Property.   There has been no material, adverse change in the physical condition of the Property since the date of the Beneficiary's last inspection of the Property.

2.11    Other Indebtedness.   As of the date hereof the Grantor is not in default in the payment of the principal of or interest on any of its indebtedness for borrowed money and is not in default under any instrument under or subject to which indebtedness has been incurred, and no event has occurred and is continuing under the provisions of any such agreement that, with notice or the passage of time or both, would constitute a default thereunder.

2.12    Survival of the Grantor's Representations and Warranties.   The representations and warranties made in this Deed of Trust shall remain true and correct in all material respites and shall survive so long as any of the Indebtedness shall remain unsatisfied or otherwise outstanding, except for Section 2.7 which shall survive the satisfaction of the Indebtedness and the acquisition by the Beneficiary of all or any portion of the Property at foreclosure under this Deed of Trust or by deed in lieu of foreclosure.

SECTION 3.   COVENANTS OF THE GRANTOR.

The Grantor covenants and agrees as follows:

3.1    Payment of the Indebtedness. The Grantor shall (a) pay the obligations evidenced by the Note as therein provided, (b) pay and perform when due all payments and obligations required under any lien that may now or hereafter have priority over the lien of this Deed of Trust, and (c) pay all sums due under and perform all of its obligations under the Note, this Deed of Trust and the other Loan Documents.

3.2    Further Assurances.   The Grantor shall, at its cost and without expense to the Trustee or the Beneficiary, do every such further act and execute, acknowledge and deliver every such further deed, conveyance, document, instrument, mortgage, assignment, notice of assignment, transfer and assurance as the  Trustee or the Beneficiary shall reasonably require, at any time and from time to time, in order (a) to more fully convey, assign, transfer and confirm unto the  Trustee or the Beneficiary the property and rights hereby conveyed or assigned, or which the Grantor may be or may hereafter become bound to convey or assign to the  Trustee or the Beneficiary, or (b) to carry out the intention, or facilitate the performance, of the terms of this Deed of Trust. The Grantor shall execute, acknowledge and deliver such financing statements or

6

comparable security instruments as the Beneficiary may request, at any time and from time to time, in order to evidence more effectively, to perfect or to continue the perfection of the security interest created hereunder.  If, in the opinion of the Beneficiary, it becomes necessary or desirable to file additional financing or continuation statements in any jurisdiction in order to preserve, perfect or protect the security interest created under this Deed of Trust, the Grantor agrees, upon the written request of the Beneficiary, to execute such statements and cause them to be filed in such jurisdictions.

3.3     Recordation of Instruments.  The Grantor shall pay all filing and recordation taxes and fees and any other expenses incident to the execution, acknowledgment, filing and recordation of this Deed of Trust, any financing statements, each of the other Loan Documents and any instruments of further assurance and any instruments of release, partial release, termination or partial termination, as applicable.

3.4     Substitutions.  Immediately upon the acquisition, construction, assembly, placement or conversion of any extensions, improvements, renewals, substitutions or replacements of, or any additions or appurtenance to, the Land, the Improvements or the Equipment, as the case may be, and, in each such case, without further deed of trust, conveyance, assignment or other act by the Grantor, such extensions, improvements, renewals, substitutions, replacements, conversions, additions and appurtenances shall become subject to and encumbered by the liens, security interests and assignments contained in this Deed of Trust as fully and completely, and with the same effect, as though now owned by the Grantor and specifically described in Section 1, such encumbrance to be effective and self-operative without the necessity of any further action by the parties hereto.

3.5     Taxes, Assessments and Liens.

3.5.1    The Grantor, from time to time when the same shall become due, shall pay and discharge all taxes of every kind and nature including, without limitation, real and personal property taxes and assessments, general and special (collectively, the "Property Taxes"), and income, franchise, withholding, profits and gross receipts taxes, all general and special levies, permits, inspection and license fees, all water and sewer rents and charges, and all other public charges of every nature, imposed upon or assessed against the Grantor or the Property or any part thereof or upon the rents, income or profits (the "Rents") arising with respect to the occupancy, use or possession of the Property.  The Grantor, promptly upon the request of the Beneficiary, shall deliver to the Beneficiary receipts evidencing the payment of all such taxes, assessments, levies, fees, rents and other public charges.

3.5.2    At the option of the Beneficiary, such option to be exercised upon thirty (30) days' prior written notice to the Grantor, the Grantor shall deposit with the Beneficiary, in addition to all other amounts due hereunder and under the Note, on the first day of each month, an additional amount equal to one-twelfth (1/12) of the annual Property Taxes (or such other ratable portion to ensure that the Beneficiary will have the full tax payment in hand at least thirty (30) days prior to the date on which such taxes are due).  Such amounts shall be held by the Beneficiary without interest and applied to the payment of the Property Taxes in such order or priority as the Beneficiary shall determine, on or before the respective dates on which the same

shall become due. If, one (1) month prior to the due date of any such Property Taxes, the amount then on deposit therefor shall be insufficient for the payment of such obligations in full, the Grantor, within ten (10) days after demand therefor by the Beneficiary, shall deposit the amount of such deficiency with the Beneficiary. Upon the occurrence of an Event of Default, all such deposits may, at the option of the Beneficiary, be applied in payment of any amount advance or disbursed on behalf of the Grantor pursuant to the terms of the Note, this Deed of Trust or any other Loan Documents, then to interest then due and unpaid, and thereafter to principal owing on the Note. Nothing contained in this Section 3.5.2, however, shall be deemed to affect any right or remedy of the Beneficiary under any provisions of this Deed of Trust or any statute or rule of law to pay the Property Taxes up to thirty days prior to the due date and to add the amount so paid, together with interest thereon, to the principal balance of the Note.

3.5.3   The Grantor, from time to time when the same shall become due, shall pay all lawful claims and demand of mechanics, materialmen, laborers, and others that, if unpaid, might result in, or permit the creation of, a mechanic's materialmen, laborers, and others that, if unpaid, might result in, or permit the creation of, a mechanic's materialmen's, judgment or other lien on the Property or any part thereof, or on the Rents, and, if any such lien is filed, docketed or otherwise recorded, the Grantor shall notify the Beneficiary immediately and, at the sole cost of the Grantor, shall promptly "bond off" or satisfy and effect the release of such lien or shall provide affirmative title insurance coverage satisfactory to the Beneficiary.

3.5.4   The Grantor shall not permit, suffer, do or execute any thing or instrument other than this Deed of Trust and the Loan Documents which would or might constitute a further encumbrance of the Property or any part or portion thereof.

3.5.5   The Grantor shall pay all taxes, except income taxes, imposed upon the Trustee or the Beneficiary by reason of, or with respect to, the Note, this Deed of Trust or any of the other Loan Documents.

3.6   Insurance.

3.6.1   The Grantor, at its expense and for the benefit of the Beneficiary, shall keep the Improvements and the Equipment insured, to the extent of full replacement cost, against loss by fire, casualty, and such other hazards and risks as are customarily insured against in connection with the ownership, operation and use of projects of like size and character as the Property. Any determination of replacement cost required pursuant to the provisions of this Section 3.6 shall be made by a recognized appraiser or insurer acceptable to the Beneficiary. In addition, the Grantor shall maintain such other forms of insurance with respect to risks arising out of the ownership, operation and use of the Property, including, without limitation, public liability insurance, as the Beneficiary may reasonably require from time to time. All such insurance shall be written in forms and amounts satisfactory to the Beneficiary and shall be issued by companies having a rating of A:XII or better in Best's Key Rating Guide, shall be licensed to do business in the District of Columbia and shall be satisfactory to the Beneficiary. Each such policy shall provide that it shall not be canceled (including, without limitation, any cancellation or lapse for nonpayment of premium), and that coverage thereunder shall not be reduced materially, without at least thirty (30) days' prior written notice to the Beneficiary. The

Grantor (1) shall deliver all such policies to the Beneficiary upon the execution of this Deed of Trust, (2) shall deliver all renewals thereof to the Beneficiary at least ten (10) days prior to the expiration of such policies and (3) shall promptly pay when due all premiums for such policies and renewals. The Grantor shall promptly correct any condition with respect to the Improvements or the Equipment that would materially increase the premiums for such insurance. Should there exist any Event of Default and the Beneficiary elects to exercise any of its remedies under Section 5.3 of this Deed of Trust, any and all insurance in the possession of the Beneficiary may be changed by the Beneficiary to other companies and rearranged as to coverage, terms or amount, and, for that purpose, the Beneficiary is hereby authorized to surrender existing policies for cancellation and to take out any insurance at any time desired by the Beneficiary, provided that the necessary premium adjustments in all cases shall be charged against or credited to the debt secured hereby, as the case may be.

  3.6.2    The Grantor shall promptly notify the Beneficiary of any loss covered by such insurance, and the Beneficiary shall have the right to join the Grantor in adjusting any loss. The Grantor hereby assigns to the Beneficiary any funds received by any party hereto from such insurance policies, and the Beneficiary shall allow the same to be used in restoring the Property, if (i) the Property is susceptible of restoration in the reasonable judgment of the Beneficiary, (ii) such restoration can be completed during the term of the Note, (iii) there exists no Event of Default, (iv) Grantor has deposited with Beneficiary funds in an amount equal to the difference, if any, between the total cost of restoration and the amount of such insurance proceeds, and (v) Beneficiary has approved the plans and specifications for restoration. The Beneficiary may disburse such insurance proceeds (and such funds, if applicable) for the purpose of restoring the Property upon a staged advance basis not more frequently than monthly upon receipt of satisfactory draw requests and inspection reports of an architect approved by the Beneficiary certifying as to the percentage of completion of such restoration. Advances may be subject to a ten percent (10%) retainage factor, in the sole discretion of the Beneficiary, pending satisfactory completion of all work and issuance of all governmental permits applicable to the use and occupancy of such improvements. If an Event of Default occurs at any time following casualty loss, or in the event the Property is not susceptible of restoration in the Beneficiary's sole judgment, the proceeds of any insurance policy or policies so received shall be paid over or applied to the prepayment of the Note, without premium, and to the payment of other amounts owned by the Grantor under the Loan Documents. In the event of the foreclosure of this Deed of Trust by power of sale authorized herein or otherwise or any transfer in lieu thereof, all right, title and interest of the Grantor in and to such policies of insurance shall pass to the purchaser or grantee, and the Grantor hereby irrevocably appoints the Beneficiary as attorney-in-fact, coupled with an interest, to assign any policies in the event of such foreclosure or a conveyance in lieu of such foreclosure to such purchaser or grantee.

  3.6.3    The Grantor shall not take out separate insurance concurrent in form or contributing in the event of loss with the insurance required to be maintained under this Section 3.6, unless the Beneficiary is included thereon as a named payee under a standard mortgagee endorsement. The Grantor shall immediately notify the Beneficiary whenever any such separate insurance is taken out and shall promptly deliver to the Beneficiary the policy or policies of such insurance.

3.6.4    All of the Grantor's rights, title and interest in and to all insurance policies described in this Section 3.6 are hereby assigned to the Beneficiary. Upon the occurrence of an Event of Default, the Beneficiary, on behalf of the Grantor, may adjust and compromise any claims under such insurance policies and collect, receive and apply the proceeds thereof as the Beneficiary shall see fit. The Beneficiary is hereby irrevocably appointed as the Grantor's attorney-in-fact, coupled with an interest, for such purposes, and may deduct from such proceeds any expenses incurred by the Beneficiary in connection therewith.

3.6.5    At the option of the Beneficiary, such option to be exercised upon thirty (30) days' prior written notice to the Grantor, the Grantor shall deposit with the Beneficiary, in addition to all other amounts due hereunder and under the Note, on the first day of each month, an amount equal to one-twelfth (1/12) of the annual insurance premiums on the Property (or such other ratable portion to ensure that the Beneficiary will have the full premium payment in hand at least thirty (30) days prior to the date on which such premiums are due). Such amounts shall be held by the Beneficiary without interest and applied to the payment of such premiums in such order or priority as the Beneficiary shall determine, on or before the respective dates on which the same or any of them shall become due and payable. If, one (1) month prior to the due date of any of such premiums, the amount then on deposit therefor shall be insufficient to pay such premiums in full, the Grantor, within ten (10) days after demand therefor by the Beneficiary, shall deposit the amount of such deficiency with the Beneficiary. Upon the occurrence of an Event of Default, all such deposits may, at the option of the Beneficiary, be applied in payment of any amount advanced or disbursed on behalf of the Grantor pursuant to the terms of the Note, this Deed of Trust, or any other Loan Document, then to interest then due and unpaid, and thereafter to principal owing on the Note. Nothing contained in this Section 3.6.5, however, shall be deemed to affect any right or remedy of any statute or rule of law to advance and pay any premium for insurance coverage required by this Deed of Trust and to add the amount so paid, together with interest thereon, to the principal balance of the Note as provided in Section 3.7.

3.6.6    Comply at all times with the requirements of the 80 percent coinsurance clause.

3.7    Right to Cure. If the Grantor shall fail to perform any of the covenants contained in this Deed of Trust or in any of the other Loan Documents, or shall fail to observe or perform any covenant, term or condition under any other instrument creating a lien or encumbrance on the Property, or shall fail to observe or perform any provision of any lease, restrictive covenant or other agreement affecting the Property, each of the Beneficiary and the Trustee shall have the option, but not the obligation, to advance funds for and otherwise cause the observance or performance of the same in the Grantor's behalf, and all monies so advanced shall be added to the principal balance of the Note, shall be payable by the Grantor to the Beneficiary on demand, and shall bear interest at the rate provided in the Note plus **six percent (6%)** per annum, and the payment thereof shall be secured hereby. No action taken by the Beneficiary or the Trustee pursuant to the provisions of this Section 3.7 shall constitute, nor be deemed to constitute, a waiver or cure of any Event of Default.

3.8    Records.

3.8.1    The Grantor shall deliver to the Beneficiary, annually, not later than 90 days following the filing date for each such return, the Grantor shall deliver to the Beneficiary a copy of the United States income tax return for the Grantor.  Throughout the term of this Deed of Trust, the Grantor, with reasonable promptness, will deliver such other information with respect to the Grantor and the Property as the Beneficiary may reasonably require.  Each such financial statement with respect to the Grantor or the Property shall be accompanied by the certificate of a principal financial or accounting representative of the Grantor, dated within five (5) days of the delivery of such statement to the Beneficiary, stating (1) that such financial statement has been prepared in accordance with generally accepted accounting principles consistently applied and (2) that such financial statement fairly presents the financial condition of the subject thereof as of the date thereof and the results of the operations of such subject for the period covered thereby. Upon the occurrence of an Event of Default, the Beneficiary shall have the right to require that all of the balance sheets, financial statements and other financial information that must be provided by the Grantor thereafter pursuant to the provisions of this paragraph shall be audited and certified by a certified public accountant acceptable to the Beneficiary.

3.8.2    The Grantor, as often as the Beneficiary may reasonably request in writing, within ten (10) days after such request, shall promptly furnish a written statement, duly authorized and acknowledged, setting forth (1) the amount due, whether of principal, interest or otherwise, under the Note, this Deed of Trust and any of the other Loan documents, (2) the date to which payments of principal and interest have been made, (3) whether the Grantor has any defenses against or rights of setoff with respect to the payment or performance thereof, and (4) such other information with respect to the Loan as the Beneficiary may request.

3.9    Maintenance of the Property. The Grantor shall not commit, permit or suffer any waste on the Property or make any change in the operation or use of the Property that will in anyway create or increase any fire or other hazard.  At all times, the Grantor shall maintain and keep the Property in good operating order and condition and shall promptly make, from time to time, all necessary repairs, renewals, replacements, additions and improvements in connection therewith, including, without limitation, all repairs, renewals, replacements, additions, improvements and rebuilding that may be required as a result of damage or loss to the Property occasioned by fire or other casualty, by the exercise of the power of eminent domain or by conveyance thereof.  The Improvements and the Equipment shall not be removed, demolished or materially altered without the prior written consent of the Beneficiary, in its discretion.

3.10    Removal of Equipment. Fixture Filing.

3.10.1 The Grantor shall not remove any Equipment from the Property, nor sell or otherwise dispose of the same, unless the Grantor replaced such Equipment prior to or promptly after each such removal, sale or disposal with property of a like kind and having a fair market value at least equal to the replacement value of the Equipment so removed.  The liens and security interests created herein shall forthwith attach to all of such replacement property without the necessity of any further action by the parties hereto; provided, however, that the Grantor shall execute such additional financing statements and security agreements, renewals thereof and

amendments thereto and such other documents and instruments as may be required by the Beneficiary to perfect or continue the security interests created hereunder.

        3.10.2 The parties hereto agree that this Deed of Trust shall constitute a "security agreement" and that the recordation of this Deed of Trust shall constitute a "fixture filing" (as both of such terms are defined in the Uniform Commercial code as adopted in the District of Columbia Uniform Commercial Code, as amended from time to time (the "UCC")).

        3.11    Eminent Domain.  The Grantor shall notify the Beneficiary promptly upon learning of any action or proceeding relating to any condemnation or other taking or conveyance in lieu thereof, whether direct or indirect, of the Property or any part thereof, and the Grantor shall appear in and prosecute any such action or proceeding.  In the event of any such condemnation, taking or conveyance, and to the extent practicable, the Grantor, at its own expense, shall promptly rebuild, restore and repair the Property to the same condition as exited immediately prior to such condemnation, taking or conveyance. The Trustee and the Beneficiary may participate in any such action or proceeding, and the Grantor, from time to time, shall execute and deliver to the Trustee and the Beneficiary any and all instruments requested by them in order to permit such participation. In any such action or proceeding, the Trustee and the Beneficiary may be represented by counsel selected by them, and the Grantor shall reimburse the Beneficiary and the Trustee for all fees, costs and expenses incurred by them in connection with such representation promptly upon demand therefor.  Any award or compensation payable in connection with such action or proceeding is hereby assigned to and shall be paid to the Beneficiary. The Beneficiary shall be under no obligation to question the amount of any such award or compensation and may accept the same in the amount in which the same shall be paid. The proceeds of any award or compensation so received, at the option of the Beneficiary, shall be applied to any one or more of the following purposes:  (1) to the prepayment of the Note, (2) to the payment of any other amounts owed by the Grantor under this Deed of Trust or any of the other Loan Documents or (3) to the reimbursement of the Grantor for expenses incurred by it in the restoration of the Property. The Beneficiary shall allow the condemnation award to be used to restore the Property if (i) the Property is susceptible of restoration in the sole judgment of the Beneficiary, (ii) such restoration can be completed during the term of the Note, (iii) there exists no Event of Default, (iv) the Grantor has deposited with the Beneficiary funds in an amount equal to the difference, if any, between the total cost of restoration and the amount of such condemnation award, (v) the Beneficiary has approved the plans and specifications for restoration, and (vi) following the proposed restoration the value of the Property as security for the Loan is undiminished, as reasonably determined by the Beneficiary.

        3.12    Costs and Expenses; Indemnity.  The Grantor shall pay all reasonable costs, fees and expenses of the Beneficiary in connection with approval, documentation, closing, disbursement, administration and collection of the Loan, including, without limitation, all appraisal fees, inspection fees, recording costs and fees, charges and expenses of legal counsel, architects, engineers and other consultants retained by the Beneficiary in connection with the Loan. The Grantor shall indemnify against and hold the Beneficiary harmless from any liability whatsoever for the costs, fees and expenses described in this Section 3.12.  In the event the Beneficiary or the Trustee or both is made a party to or appears, either voluntarily or involuntarily, in any action or proceeding affecting or relating to any of the Property or any of

the Indebtedness, or the validity or priority of any of the Loan Documents or any lien, right, title or security interest intended thereby, then the Grantor shall, upon demand, reimburse the Beneficiary or the Trustee or both, as applicable, for all costs, expenses, and liabilities incurred by the Beneficiary or the Trustee or both, as applicable, by reason thereof, including, without limitation, costs of litigation and attorney's fees, and the same shall be secured by this Deed of Trust.

3.13   Operation of the Property.   The Grantor shall operate the Property in strict compliance with all applicable governmental and quasi-governmental statutes, laws, ordinances, rules and regulations and orders.

3.14   Management of the Property.   The Property shall at all times be managed by the Grantor; or by a competent, experienced manager approved in writing by the Beneficiary, pursuant to the provisions of a written management agreement.

3.15   Environmental Compliance.

3.15.1   Neither the Grantor nor any third party will use, generate, manufacture, produce, store, release, discharge, or dispose of on, under or about the Property or transport to or from the Property any Hazardous Substance.

3.15.2   The Grantor shall give prompt written notice to the Beneficiary of:

3.15.2.1   any proceeding or inquiry by any governmental authority with respect to the presence of any Hazardous Substance on the Property or the migration thereof from or to other real property;

3.15.2.2   all claims made or threatened by any third party against the Grantor or the Property relating to any loss or injury resulting from any Hazardous Substance; and

3.15.2.3   the Grantor's discovery of any occurrence or condition on any real property adjoining or in the vicinity of the Property that could cause the Property or any part thereof to be subject to any restrictions on the ownership, occupancy, transferability or use of the Property under any Environmental Laws.

3.15.3   The Beneficiary shall have the right to join and participate in, as a party if it so elects, any legal proceedings or actions initiated in connection with any Environmental Laws.

3.15.4   In the event that any such wastes, substances or materials are hereafter found on, under or about the Property, the Grantor shall take all necessary and appropriate actions and shall spend all necessary sums to cause the same to be cleaned up and/or removed in accordance with any Environmental Laws, and the Beneficiary shall in no event be liable or responsible for any costs or expenses incurred in so doing.

3.15.5 The Grantor shall at all times observe and satisfy the requirements of, and maintain the Property in compliance with, all Environmental Laws.

3.15.6 Should the Grantor at any time default in or fail to perform or observe any of its obligations under this Section 3.15, the Beneficiary shall have the right, but not the duty, without limitation upon any of the Beneficiary's rights pursuant hereto, to perform the same, and the Grantor agrees to pay to the Beneficiary, on demand, all costs and expenses incurred by the Beneficiary in connection therewith, including, without limitation, reasonable attorney's fees, together with interest from the date of expenditure at the rate provided in the Note. The Grantor hereby agrees to indemnify against and hold the Beneficiary harmless from any loss, liability, claim, demand, damage, suit, action, cost and expense, including, without limitation, attorneys' fees, incurred by or imposed on the Beneficiary by reason of the inaccuracy of any representation and warranty contained in Section 2.7 or by reason of the Grantor's failure to perform or observe any of its obligations or agreements under this Section 3.15 and said indemnification shall survive the sale by or in lieu of foreclosure of this Deed of Trust.

3.15.7 The term "Hazardous Substance" shall include:

3.15.7.1 those substances included within the definitions of "hazardous substances", "hazardous materials", "toxic substances", or "solid waste" in CERCLA, RCRA and the Hazardous Material Transportation act, 49 U.S.C. Section 1801, et seq., and in the regulations promulgated pursuant to such laws or any replacement thereof;

3.15.7.2 those substances listed in the United States Department of Transportation Table (49 CFR 172.101 and amendments thereto) or by the Environmental Protection Agency (40 CFR Part 302 and amendments thereto) as hazardous substances; and

3.15.7.3 such other substances, materials and wastes which are or become regulated under applicable local, state or federal law, or which are classified as hazardous or toxic under federal, state or local laws or regulations.

3.16 Sales or Encumbrances.

(a) Due on Sale. The Grantor acknowledges that the continuous ownership of the Property by the Grantor is of a material nature to the transaction and the making of the Loan. In the event of any sale, conveyance, transfer, further encumbrance, or assignment of the Property or any interest therein, or any other change in the ownership of the Property, without the prior written consent of the Beneficiary, the entire unpaid balance of the Indebtedness and all other sums secured by this Deed of Trust shall become immediately due and payable forthwith at the option of the Beneficiary or shall become subject to renegotiation at the option of the Beneficiary. The following phrase is intended to emphasize and call particular attention to the foregoing provisions of this paragraph:  NOTICE-THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE, CONVEYANCE OR FURTHER ENCUMBRANCE OF THE PROPERTY CONVEYED.

(b) Transfer of Control. In the event that the Grantor shall, without the prior written consent of the Beneficiary, sell, transfer or convey any beneficial interest in the Grantor or the right to manage or control the operation of the Property, or upon the death, resignation, expulsion or bankruptcy of the Grantor, then the entire unpaid balance of the Indebtedness shall become immediately due and payable at the option of the Beneficiary. Upon the death, resignation, expulsion or bankruptcy of the Grantor, the Beneficiary may elect (in its sole discretion) to forbear from declaring the entire balance of the Indebtedness immediately due and payable if the Grantor provides assurances satisfactory to the Beneficiary in its sole discretion that the creditworthiness of the Grantor and the underwriting of the Loan is not substantially impaired by such death, resignation, expulsion or bankruptcy.

(c) Due on Encumbrance. Should the Property, or any portion thereof, or any beneficial interest therein, at any time, without the prior written consent of the Beneficiary, be or become mortgaged, pledged, encumbered or otherwise subject to the lien of any deed of trust, mortgage, or other instrument, the entire unpaid balance of the Indebtedness at the option of the Beneficiary shall immediately become due and payable.

## SECTION 4. SECURITY AGREEMENT

4.1    Creation of a Security Interest. The Grantor hereby grants and conveys to the Beneficiary as security for the Indebtedness a security interest (a) in the Equipment, including, without limitation, any and all property of a similar type or kind hereafter located on or at the Property and owned by the Grantor, and (b) in any and all intangible property of the Grantor now or hereafter used in, arising out of, or relating to the ownership, development, management, operation or use of the Property, including, without limitation, (1) documents, instruments, accounts, chattel paper, general intangibles and proceeds (as each of such terms is defined in the UCC), (2) architectural and engineering plans and specifications for the Property or any portion thereof, (3) escrow accounts, insurance policies and business records of or with respect to the Property, (4) any and all of the Grantor's rights, if any to (i) all warranties and guarantees by manufacturers, suppliers and installers pertaining to any of the Improvements or the Equipment, for the purpose of securing all of the Indebtedness.

4.2    Representations. Warranties and Covenants. The Grantor hereby represents, warrants and covenants that, except for the security interest granted hereby, the Grantor is and, as to items of the Equipment to be acquired after the date hereof, shall be the sole owner of the Equipment free from any adverse liens, security interests, encumbrances or claims thereon or thereto of any kind whatsoever. The Grantor shall notify the Beneficiary of, and shall defend the Equipment against, all claims and demands of all persons at any time claiming the same or any interest therein.

## SECTION 5. EVENTS OF DEFAULT: REMEDIES

5.1    Events of Default. Each of the following shall constitute an "Event of Default" hereunder:

5.1.1    Failure to pay (1) any installment of interest or principal under the Note, (2) any other sums due under the Note, whether at maturity, upon acceleration, as part of any prepayment or otherwise, as provided in the Note, (3) any tax required to be paid pursuant to the provisions of Section 3.5, or (4) any other amount required to be paid by the Grantor under any of the Loan Documents, when any of the same shall become due and payable, and the failure to cure such default within five (5) days after Beneficiary has given Grantor written notice thereof; or

5.1.2    The filing of a petition for relief as to the Grantor (the Grantor being sometimes hereinafter referred to as a "Debtor") as debtor or bankrupt under the Bankruptcy Act of 1898 or the Bankruptcy Code of 1978 or like provision of law of any jurisdiction (except if such petition is contested by such Debtor and has been dismissed within thirty (30) days); insolvency of any Debtor as finally determined by a court proceeding; filing by any Debtor of a petition or application to accomplish the same or for the appointment of a receiver or a trustee for such Debtor or a substantial part of its assets; commencement of any proceedings relating to any Debtor under any other reorganization, arrangement, insolvency, adjustment of debt or liquidation law of any jurisdiction, whether now in existence or hereafter in effect, either by such Debtor or by another, provided that, if such proceeding is commenced by another, such Debtor indicates its approval of such proceeding, consents thereto or acquiesces therein, or such proceeding is contested by such Debtor and has not been finally dismissed within thirty (30) days; or

5.1.3    If any Debtor shall make any general assignment for the benefit of creditors or admit in writing its inability to pay its debts as they become due, or shall take any action in furtherance of any of the foregoing; or

5.1.4    If a final judgment has been rendered by a court of competent jurisdiction against any Debtor in an amount in excess of $5,000.00 and if, within fifteen (15) days after entry thereof, such judgment shall not have been discharged or the execution thereof shall not have been stayed pending appeal, or if, within fifteen (15) days after the expiration of any such stay, such judgment shall not have been discharged; or

5.1.5    The death, long term disability, incapacity or insanity of the Borrower, or

5.1.6    The sale, exchange, conveyance, transfer, mortgage, assignment, pledge or encumbrance, either voluntarily or involuntarily, by operation of law or otherwise without the prior written consent of the Beneficiary, (i) of any right, title or interest of the Grantor, or of any successor to the Grantor, in and to the Property, other than utility easements not adversely affecting the value of the Property, to the extent otherwise permitted hereunder or under other Loan Documents, or (ii) of any shareholder/officer's interest in the Grantor; or

5.1.7    The levy, attachment or seizure of (i) any rights, title or interest of the Grantor, or of any successor to the Grantor, in and to the Property or (ii) any shareholder/officer's interest in the Grantor, if such order is not vacated and the proceeding in which it was entered is not dismissed within fifteen (15) days after the entry of such order; or

5.1.8    If any representation or warranty contained herein or in any of the other Loan Documents, or if any representation to the Beneficiary concerning the financial condition or creditworthiness of the Grantor is materially false or misleading, or if there is a material adverse change in the financial condition or creditworthiness of the Grantor; or

5.1.9    The existence of any encroachment, from the Property onto any adjoining property or from such adjoining property onto the Property, that has occurred without the approval of the Beneficiary and that is not removed or corrected within thirty (30) days after the Beneficiary's written notice to the Grantor of the existence thereof, or the Grantor's discovery thereof, whichever first occurs; or

5.1.10    The filing of any lien or encumbrance against the Property, except as may be permitted pursuant to the provisions of this Deed of Trust, and the failure to effect the release of such lien or encumbrance within twenty (20) days after Beneficiary has given Grantor written notice thereof; or

5.1.11    The rezoning of the Property at the request of the Grantor or any portion thereof without the prior written consent of the Beneficiary, in its discretion; or

5.1.12    Any change in the manager for the Property to a person or entity other than the Grantor and its employees without the Beneficiary's prior written consent, in its discretion; or

5.1.13    The occurrence of a default under any other mortgage, deed of trust or security agreement encumbering any portion of the Property, and the failure to cure such default within any applicable cure period provided in such mortgage, deed of trust or security agreement; or

5.1.14    If at any time prior to the full disbursement of the Loan any judgment creditor gives notice to the Beneficiary as provided in the District of Columbia Code, Annotated, 1981 Edition; or

5.1.15    The occurrence of any default with respect to any loan then outstanding between the Beneficiary and the Grantor or between the Beneficiary and any person or entity with respect to which the Grantor is primarily or secondarily liable, as a guarantor or otherwise, and as a result of such default the Beneficiary accelerates such loan or such default is not cured within the applicable cure period, if any; or

5.1.16    Any other default by the Grantor in performing, observing or complying with any covenant, agreement, term or condition contained herein or in any of the other Loan Documents, and the failure to cure such default within twenty (20) days after written notice thereof from the Beneficiary.

5.2    Cross Default.    A default under any other mortgage or deed of trust on the Trust Property, or any other property, including but not limited to the permitted liens or under loan, whether secured or unsecured, from the Lender to the Grantor, any loan guarantor, or any land

trust established or entity formed by any loan guarantor, shall, at the option of the Lender, constitute a default under this Deed of Trust.

5.3    Remedies Upon an Event of Default.

     5.3.1    Upon the occurrence of an Event of Default, the Beneficiary, by written notice given to the Grantor, may, at its option, declare the entire unpaid principal balance of the Note, all accrued but unpaid interest and all unpaid late charges thereunder to be due and payable immediately, and, upon any such declaration, such principal balance, accrued but unpaid interest and unpaid late charges shall become and be due and payable immediately, without presentment, demand, protest or notice of dishonor, all of which are hereby waived by the Grantor, anything contained in the Note or in this Deed of Trust to the contrary notwithstanding.  The Grantor further waives the benefits of the Homestead Exemption and any other exemptions provided by law.

     5.3.2    Upon the occurrence of an Event of Default, the Beneficiary, at its option, may invoke the power of sale and any other remedies permitted by applicable law or provided herein.  The Beneficiary shall be entitled to collect all costs and expenses incurred by it in pursuing such remedies, including, but not limited to, attorney's fees.

     This Deed of Trust shall be governed by and construed in accordance with the applicable provisions of Sections of the District of Columbia Code, Annotated, 1981 Edition, and, to the extent not inconsistent with the provisions hereof, applicable Section of the District of Columbia Code, Annotated, 1981 Edition and in effect on the date of this Deed of Trust, with the following further understanding as in such sections provided:

     Advertisement Required: Advertisement of the time, place and terms of sale once a week for three (3) successive weeks in a newspaper having general circulation in county or city in which the Property or some portion thereof is located, after the giving of prior notice as prescribed by law.

     Exemptions waived.
     Subject to all upon default.

     Substitution of Trustee permitted, with or without cause.

     Hazard and extended coverage insurance required:  total of all secured debt against the property

     Bidder's Deposit of not more that 10% of the sales price may be required.

     Right of Anticipation Reserved as Provided in the Note.

     Renewal, Reinstatement or Extension Permitted.

Any Trustee May Act.

5.3.3   Upon the occurrence of an Event of Default, the Beneficiary, with or without entry, personally or by its agents or attorneys, insofar as applicable, may:

5.3.3.1 Exercise any or all of the remedies available to a secured party under the UCC;

5.3.3.2   Direct the Grantor to assemble the Equipment and make it available to the Beneficiary at the place designated by the Beneficiary, and the Grantor hereby covenants and agrees to do so promptly.  The Beneficiary shall have the right to sell, assign and deliver all or any part of the Equipment at public or private sale, without advertisement, and to bid and become the purchaser thereof at any such public or private sale.  If the provisions of the UCC require that notice of a public sale of any part of the Equipment be given to the Grantor, the Beneficiary shall give the Grantor such notice of sale as may be required under the UCC.  If the provisions of the UCC impose no such notice requirement, the Beneficiary shall give the Grantor notice of such public or private sale at least five (5) days before the time of such sale or other disposition.  The proceeds of any such sale shall be applied first to the costs of such sale, including, without limitation, advertising costs, if any, and attorneys' fees, and second to all or any portion of the Indebtedness as the Beneficiary shall determine; and

5.3.3.3   Take such steps to protect and enforce its rights, whether by action, suit or proceeding in equity or at law, for the specific performance of any covenant, term, condition or agreement set forth in the Note, in this Deed of Trust or in any other Loan Document, or in furtherance of the execution of any power herein or therein granted, or for any foreclosure hereunder, or for the enforcement of any other appropriate legal or equitable remedies or otherwise, as the Beneficiary shall elect.

In no event shall the Beneficiary, in the exercise of the remedies provided in this Deed of Trust, be deemed to be a "mortgagee in possession", and neither the Beneficiary nor the Trustee shall in any way be liable for any act, either of commission or omission, in connection with the exercise of such remedies.

5.3.4   After the exercise by the Trustee of its power of sale pursuant to this Deed of Trust and pending the exercise by the Trustee or the Beneficiary or their agents or attorneys of their right to exclude the Grantor from all or any part of the Property, the Grantor agrees to pay the fair and reasonable rental value for the use and occupancy of the Property or any portion thereof that is in its possession for such period and, upon default in making any such payment, will vacate and surrender possession of the Property to the  Trustee or the Beneficiary, as the case may be, or to a receiver, if any, and in default thereof may be evicted by any summary action or proceeding for recovery or repossession of premises for nonpayment of rent, however designated.

5.3.5   Upon the occurrence of an Event of Default and upon written demand from the Beneficiary, the Grantor shall pay to the Beneficiary the whole amount which then shall have become due and payable under the Note, for principal, interest and late charges, as the case may be, and all sums required to be paid by the Grantor pursuant to any provision of this Deed of

Trust and of any other Loan Document and, in addition thereto, such further amount as shall be sufficient to cover the costs and expenses of collection, including, without limitation, reasonable compensation to the Trustee as permitted by law, and to the respective agents and legal counsel for the Trustee and the Beneficiary, as applicable, and any expenses incurred by the Trustee and the Beneficiary hereunder. In the event that the Grantor shall fail forthwith to pay such amounts upon demand, the Beneficiary shall be entitled and empowered to institute such actions or proceedings at law or in equity as may be advised by its legal counsel for the collection of the sums due and unpaid, and may prosecute any such action or proceedings to judgment or final decree, and may enforce any such judgment or final decree against the Grantor and collect, out of the property of the Grantor, wherever situated, as well as out of the Property, in any manner provided by law, monies so adjudged or decreed to be due and payable.

The Beneficiary shall be entitled to recover judgment as aforesaid either before, after or during the pendency of any proceedings for the enforcement of the provisions of this Deed of Trust, and the right of the Beneficiary to recover such judgment shall not be affected by any entry or sale hereunder, or by the exercise of any other right, power or remedy for the enforcement of the provisions of this Deed of Trust, or of any other Loan Document, or the foreclosure of the lien hereof; and, in the event of a sale of the Property, or any part thereof, and of the application of the proceeds of such sale to the payment of the Indebtedness, the Beneficiary shall be entitled to enforce payment of and to receive all amounts then remaining due and unpaid upon, the Note, and to enforce payment of all other charges, payments and costs due under this Deed of Trust and under any other Loan Documents, and shall be entitled to recover judgment for any portion of the Indebtedness remaining unpaid, with interest. In case of proceedings against the Grantor in insolvency or bankruptcy or involving the liquidation of any of its assets, then the Beneficiary shall be entitled to prove the whole amount of principal, interest and late charges due under the Note in the full amount thereof, and all other payments, charges and costs due under this Deed of Trust and under any other Loan Documents in the full amount thereof, and all other payments, charges and costs due under this Deed of Trust and under any other Loan Documents, without deducting therefrom any proceeds obtained from the sale of the whole or any part of the Property; provided, however, that in no event shall the Beneficiary receive a greater amount than such principal, interest and late charges and such other payments, charges and costs from the aggregate amount of the proceeds of the sale of the Property and the distributions from the insolvent or bankrupt estate of the Grantor.

No recovery of any judgment by the Beneficiary and no levy of execution under any judgment upon the Property or upon any other property of the Grantor shall affect, in any manner or to any extent, the lien of this Deed of Trust upon the Property or any part thereof, or any liens, rights, powers or remedies of the Trustee or the Beneficiary hereunder, but such liens, rights, powers and remedies of the Trustee and the Beneficiary shall continue unimpaired as before.

5.3.6. Immediately upon the commencement of any action, suit or other legal proceeding by the Beneficiary to obtain judgment for all or any portion of the Indebtedness, or for the enforcement of the provisions of the Note, of this Deed of Trust or of any other Loan Document, the Grantor shall, if required by the Beneficiary, consent to the appointment of a receiver or receivers for the Property and of all of the Rents. Upon the occurrence of an Event of

Default and the failure of the Grantor to cure such Event of Default within any applicable cure period provided herein, or upon the commencement of any proceedings to foreclose this Deed of Trust, or to enforce any of the provisions hereof, of the Note or of any other Loan Document, or upon the commencement of any other judicial proceedings to enforce any right of the Trustee or the Beneficiary hereunder, under the Note or under any other Loan Documents, the Trustee, the Beneficiary or both of them shall be entitled, as a matter of right, if it or they shall so elect, without giving notice to any other party and without regard to the adequacy or inadequacy of the security of the Property, forthwith, either before or after declaring the unpaid balance of the Note to be due and payable, to effect the appointment of a receiver or receivers. Notwithstanding the appointment of any receiver, liquidator or trustee of the Grantor or of any of its property, or of the Property or any part thereof, the Trustee and the Beneficiary shall be entitled to retain possession and control of all property now or hereafter held under this Deed of Trust.

5.4     Sale of the Property.

5.4.1     Upon completion of any sale or sales made by the Trustee under or by virtue of this Deed of Trust, the Trustee, or an officer of any court empowered to do so, shall execute and deliver to the accepted purchaser or purchasers a good and sufficient instrument, or good and sufficient instruments, conveying, assigning and transferring all estate, right, title and interest in and to the Property and rights sold. The Trustee is hereby irrevocably appointed the true and lawful attorney-in-fact of the Grantor, in its name and stead, to make all necessary conveyances, assignments, transfers and deliveries of the Property and rights so sold, and for that purpose the Trustee may execute all necessary instruments of conveyance, assignment and transfer, and may substitute one or more persons with like power, the Grantor hereby ratifying and confirming all that such attorney-in-fact or such substitute or substitutes shall lawfully do by virtue hereof. Nevertheless, the Grantor shall ratify and confirm any such sale or sales by executing and delivering to the Trustee or to such purchaser or purchasers all such instruments as may be advisable, in the judgment of the Trustee or the Beneficiary, if so requested by the Trustee or the Beneficiary, for the purpose, and may be designated in such request. Any such sale or sale made under or by virtue of Section 5.3, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or a judgment or decree of foreclosure and sale, shall operate to divest all of the estate, right, title, interest, claim and demand whatsoever, whether at law or in equity, of the Grantor in and to the properties and rights so sold, and shall be a perpetual bar, both at law and in equity, against the Grantor and against any and all persons claiming or who may claim the same or any part hereof from, through or under the Grantor.

5.4.2     Upon any sale made under or by virtue of Section 5.3, whether made under the power of sale herein granted or under or by virtue of judicial proceedings or of a judgment or decree of foreclosure and sale, the Beneficiary may bid for and acquire the Property or any part thereof and, in lieu of paying cash therefor, may make settlement for the purchase price by crediting against the Indebtedness the net sales price after deducting therefrom the expenses of the sale and the costs of the action and any other sums that the  Trustee or the Beneficiary are authorized to deduct under this Deed of Trust.

5.5   Waiver of Rights.

The Grantor shall not at any time insist upon, or plead in any manner whatsoever, claim or take any benefit or advantage of any moratorium law or any exemption from execution or sale of the Property or any part thereof, wherever enacted, now or at any time hereafter enforced, that may affect the covenants and terms of performance of this Deed of Trust or of any other Loan Document, nor claim, take of insist upon any benefit or advantage of any law now or hereafter enacted providing for the valuation or appraisal of the Property, or any part thereof, prior to any sale or sales thereof that may be made pursuant to any provision contained herein, or pursuant to any decree, judgment or order of any court of competent jurisdiction; nor, after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the property so sold or any part thereof, and the Grantor hereby expressly waives all benefit or advantage of any such law or laws. The Grantor, for itself and all who claim under it, hereby waives, to the extent that it lawfully may, all right to have the Property martialed upon any sale or foreclosure hereunder.

5.6   Trustee.

5.6.1   The Trustee shall be under no duty (i) to take any action hereunder except as expressly set forth herein, (ii) to perform any act that would involve them in expense of liability or to institute or defend any suit or action in respect hereof, unless properly indemnified to their satisfaction, or (iii) to account for the use or application of any payments under this Deed of Trust, under the Note or under any of the other Loan Documents, except as may otherwise be expressly provided by applicable law. The Trustee shall not be required to take notice, nor shall they be deemed to have knowledge, of any Event of Default or any event that, with notice or the passage of time or both, would constitute an Event of Default, and the Trustee may assume conclusively that there has been no such Event of Default or event that might constitute an Event of Default unless and until they shall have been notified thereof in writing by the Beneficiary.

5.6.2   The Grantor shall pay the Trustee a reasonable commission (not exceeding fifteen percent (15%) of the sales price) for any and all services performed reasonable counsel fees and other disbursements incurred on and about the administration and execution of the trust hereby created, and the performance of their duties and powers hereunder, which commission, expenses, fees and disbursements shall constitute a part of the Indebtedness. The Grantor agrees to indemnify against and hold the Trustee harmless from any loss, claim, demand, suit, action, liability, damage, cost and expense, including, without limitation, attorneys' fees, incurred in the exercise and performance of their powers and duties hereunder.

5.7   Exercise of Rights.   Any rights that may be exercised by the Trustee or the Beneficiary or both pursuant to the provisions of this Section 5 upon the occurrence of an Event of Default, may be exercised by the Trustee, the Beneficiary or both, as the case may be, for so long as such Event of Default shall continue thereafter.

5.8   Remedies Cumulative; No Waivers.   No remedy conferred upon or reserved to the Trustee, the Beneficiary or both of them herein or in any of the other Loan Documents is intended to exclusive of any other remedy or remedies, and each and every such remedy shall be

cumulative and shall be in addition to every other remedy given hereunder or under any of the other Loan Documents or now or hereafter existing at law, in equity or by statute. Every power and remedy given to the Trustee, the Beneficiary or both of them pursuant to the provisions of this Deed of Trust may be exercised from time to time and as often as may be deemed expedient by the Trustee or the Beneficiary. No delay by or omission of the Trustee or the Beneficiary in the exercise of any right or power accruing upon any Event of Default or upon any event that, with notice or the passage of time or both would constitute and Event of Default, shall impair any such right or power nor be construed to be a waiver of any such Event of Default or any acquiescence therein. A waiver of the breach of any covenant, term or condition contained herein or in any of the other Loan Documents shall not be construed as a waiver of any subsequent breach of the same covenant, term or condition. The acceptance by the Beneficiary of any sum in an amount less than the sum then due shall be deemed an acceptance on account only and upon the condition that it shall not constitute a waiver of the obligation of the Grantor to pay the entire sum then due. The Grantor's failure to pay the entire sum then due shall be and continue to be an Event of Default notwithstanding such acceptance of such amount on account, and, at all times thereafter and until the entire sum then due shall have been paid, and notwithstanding the acceptance by the Beneficiary thereafter of further sums on account or otherwise, the Beneficiary and the Trustee shall be entitled to exercise all rights conferred upon them, or either of them, in this Deed of Trust and in every other Loan Document upon the occurrence of an Event of Default, or upon the occurrence of an event that, with notice or the passage of time or both, would constitute an Event of Default, and the right to whether any of such amounts are received prior or subsequent to notice of such sale. Consent by the Beneficiary to any transaction or action for which consent or approval of the Beneficiary is required hereunder or under any of the other Loan Documents shall not be deemed a waiver of the right to require such consent or approval with respect to future or successive transactions or actions.

## SECTION 6.  MISCELLANEOUS PROVISIONS

6.1  Savings Clause. Nothing contained herein, nor any transaction related hereto, shall be construed or shall so operate either presently or prospectively (a) to require the Grantor to make any payment or to take any action contrary to law, or (b) to permit the Trustee to take any action contrary to law. Should any one or more of the terms, provisions, covenants or conditions of this Deed of Trust or any of the other Loan Documents be held to be void, invalid, illegal or unenforceable in any respect, the same shall, at the option of the Beneficiary, not affect any other term, provision, covenant or condition of this Deed of Trust, but the remainder hereof shall be effective as though such term, provision, covenant or condition had never been contained herein.

6.2  Change of Law. In the event of passage of any law of the District of Columbia or of the United States deducting from the value of land for purposes of taxation any lien thereon, or providing or changing in any way the laws for the taxation of deeds of trust or the notes or debts secured thereby for federal, state or local purposes, or the manner of collection of any such taxes, so as to materially and adversely affect the interest of the Beneficiary under any of the Loan Documents, the Beneficiary shall have the right, upon thirty (30) days' prior written notice to the Grantor, to call all sums due under the Note immediately due and payable.

6.3    Notices.  All notices, requests, demands and other communications with respect to this Deed of Trust shall be in writing and shall be delivered by hand, sent prepaid by UPS Next Day Air (or a comparable overnight delivery service) or sent by United States mail, certified, postage prepaid, return receipt requested, to the following addresses:

(a)    If to the Grantor:

Faith Assembly of Christ, Inc.
4821 Georgia Ave., NW
Washington, DC 20011

(b)    If to the Beneficiary:

ML Capital Investments LLC
1638 White Pine Drive
Vienna, VA 22182

Any notice, request, demand or other communication delivered or sent in the manner aforesaid shall be deemed given or made (as the case may be) (i) on the day on which it is actually delivered or delivery refused of (ii) on the second (2nd) business day after the day on which it is deposited in the United States mail, or an overnight delivery service, whichever first occurs. Any party to this Deed of Trust may change its address by notifying the other party hereto of the new address in manner permitted by this Section 6.3.

6.4    Choice of Law.  This Deed of Trust shall be executed, construed, performed and enforced in accordance with the laws of the District of Columbia.

6.5    Successors and Assigns.  To the extent not prohibited hereunder, all of the grants, covenants, terms provisions and conditions herein contained shall run with the Land shall apply to, bind and inure to the benefit of the successors and assigns of the Grantor, the successor in trust of the Trustee, and the endorsees, transferees, successors and assigns of the Beneficiary.

6.6    Amendments. Neither this Deed of Trust nor any provision hereof may be amended, waived, discharged or terminated orally, but only by an instrument in writing and signed by the parties hereto.

6.7    Rules of Construction.  The following rules of construction shall apply to this Deed of Trust unless the context otherwise requires.

6.7.1    Singular words shall connote the plural as well as the singular, and vice versa, and the neuter gender shall connote the masculine and the feminine genders, and vice versa, as the context may require.

6.7.2    All references herein to particular articles, sections or exhibits are references to the respective articles, sections or exhibits of or attached to this Deed of Trust.

6.7.3    The article and section headings set forth herein are solely for convenience of reference and shall not constitute a part of this Deed of Trust nor shall they affect its meaning, construction or effect.

6.7.4    Each party hereto and its counsel have reviewed and revised (or requested revision of) this Deed of Trust and the Loan Documents, and the normal rule of construction that any ambiguities are to be resolved against the drafting party shall not be applicable in the construction and interpretation of this Deed of Trust or the Loan Documents or any amendments or exhibits hereto.

6.8    Right to Release Persons Liable. Without affecting the liability of the Grantor or any other person (except any person released in writing) for payment or performance of any of the Indebtedness, and without affecting the rights of the Beneficiary or the Trustee with respect to any security not expressly released in writing, the Beneficiary, at any time and from time to time, either before or after the maturity of the Note, and without notice or consent may:

6.8.1    Release any person or persons liable for payment or performance of any of the Indebtedness:

6.8.2    Make any agreement extending the time or otherwise altering the terms of payment or performance of all or any part of the Indebtedness, or modifying or waiving any of the Indebtedness, or subordinating, modifying or otherwise dealing with the lien hereof or of any of the other Loan Documents;

6.8.3    Exercise or refrain from exercising or waive any right that the Beneficiary may have;

6.8.4    Accept additional security of any kind; and

6.8.5    Release or otherwise deal with any property, real or personal, securing the Indebtedness, including, without limitation, all or any part of the Property.

6.9    No Joint Venture. Nothing contained in this Deed of Trust or in any of the other Loan Documents shall create a partnership or joint venture or principal-agent relationship between the Grantor and the Beneficiary or between the Beneficiary and any other party, or cause the Beneficiary to be liable in any way for the debts or obligations of the Grantor or any other party.

6.10    Waiver. The Grantor and Beneficiary hereby irrevocably **waive the right to trial by jury** in any suit, action or other proceeding, now pending or hereafter instituted, concerning or arising out of this Deed of Trust, any of the other Loan Documents or the loan transaction contemplated hereunder and thereunder, or the actions of Beneficiary in the enforcement hereof or thereof.

6.11    Disputes. In connection with any litigation arising out of the Commitment, the Loan or the Loan Documents, if the Beneficiary is the prevailing party in such litigation, the

Beneficiary shall be entitled to recover from the Grantor all costs incurred in connection with such litigation including, without limitation, reasonable attorney's fees.

SECTION 7. STATE SPECIFIC PROVISIONS

7.1. Certain Matters Relating to Property Located in the District of Columbia. With respect to the Mortgaged Property which is located in the District of Columbia, notwithstanding anything contained herein to the contrary, Beneficiary shall be entitled to all rights and benefits afforded to Beneficiary pursuant to the Real Property Article of the District of Columbia.

7.2. Certain Matters Relating to the Power of Sale. Grantor assents to the exercise of the Trustee of the power of sale granted hereunder. Any notice required to be delivered to Grantor prior to a foreclosure shall be given in writing not less than thirty (30) days in advance and shall comply with all requirements of applicable District of Columbia Legal Requirements, including, to the extent applicable Section 42-815 and the regulations thereunder. Notice shall be given to the Mayor of the District of Columbia if required under 42-815 (as modified or replaced) and if required by law, the notice period shall run from the time of receipt of such notice by the Mayor. The Trustee may, in his or her discretion, require a deposit from any successfully bidder at a sale.

7.3. Homestead. Grantor hereby waives and renounces all homestead and exemption rights provided by the Constitution and the laws of the United States and of any state, in and to the trust property as against the collection of the debt, or an part hereof.

7.4. Future Advances. This Deed of Trust secures "Future Advances", as hereinafter defined. Any portion of the debt which is incurred after the execution of this Deed of Trust pursuant to any instrument referring to this Deed of Trust, or which is evidenced by any instrument stating that said indebtedness is secured by this Deed of Trust, or which is evidenced by any instrument stating that said indebtedness is secured by this Deed of Trust, shall be defined as a "Future Advance", including indebtedness incurred or advanced by Beneficiary to Grantor or pursuant to the Loan Documents. It is agreed that the Loan Documents are intended to secure all of the debts and obligations referred to in the Loan Documents up to a maximum principal amount of **One Million Four Hundred Thousand and No/Dollars ($1,400,000.00),** some of which will be obligatory future advances, and all advances under the Loan Documents will be for commercial purposes. This Paragraph shall serve as notice to any subsequent holder of a Lien, encumbrance, security title or other claim in and to all of any portion of the trust property that Beneficiary claims the priority of the Lien of this Deed of Trust for all such Future Advances, as well as for all other obligations secured hereby. This Section shall also be notice that Beneficiary reserves the right, upon agreement thereto with Grantor, to modify, extend, consolidate, and renew the debt, or any portions thereof, and the rate of interest charged thereon, without affecting the priority of the Lien created by this Deed of Trust.

WITNESS the following signatures:

Faith Assembly of Christ, Inc., a District of
Columbia corporation

By: _Alfonso Way_
Name:  Bishop Alfonso Way
Title: President

STATE/COMMONWEALTH OF __Virginia__ ,
CITY/COUNTY OF __Fairfax__ : ss

    I, the undersigned, a Notary Public in and for the aforesaid jurisdiction, do hereby certify
that Bishop Alfonso Way, President of Faith Assembly of Christ, Inc., a District of Columbia
corporation, who is personally well known to me as the person named in the foregoing annexed
Deed of Trust, bearing date on the __21st__ day of September 2022, personally appeared before me
in said jurisdiction and as attorney in fact as aforesaid, and by virtue of the power vested in
him/her/them, acknowledged the same to be the act and deed.

    Given under my hand and seal this __21st__ day of September 2022.

_Mark S. Albanese_
NOTARY PUBLIC

My Commission Expires:  08-31-2026
My Registration Number:  322766

Mark S. Albanese
NOTARY PUBLIC
Commonwealth of Virginia
Reg. # 322766
Com. Exp. Aug. 31, 2026

AFTER RECORDATION, RETURN TO
**ML CAPITAL INVESTMENTS LLC**
**1638 WHITE PINE DRIVE**
**VIENNA, VA 22182**

**EXHIBIT "A"**

Legal Description

Lot number 193 in Square numbered 3011 in subdivision made by Faith Assembly of Christ, Inc., as per plat recorded in Liber 175, at folio 180 in the Office of the Surveyor for the District of Columbia.

**Doc #: 2022097338**
**Filed & Recorded**
**09/22/2022 04:54 PM**
**IDA WILLIAMS**
**RECORDER OF DEEDS**
**WASH DC RECORDER OF DEEDS**
  **RECORDING FEES**          $150.00
  **SURCHARGE**               $6.50
**TOTAL:**                    $156.50