Prince George's County, MD
Approved by  YKO  11/01/2022
Recordation Tax Paid    $0.00
Transfer Tax Paid       $0.00

BOOK: 48264 PAGE: 293

Prince George's Cty Cir Crt
IMP FD SURE           $40.00
RECORDING FEE         $75.00

TOTAL                $115.00
ME   CW
Nov 01, 2022         10:57 am

TAXID#04-0257790

# PURCHASE MONEY
# DEED OF TRUST

THIS DEED OF TRUST is made on October 14, 2022, among the Grantor, Alfonso Way, Tawanna Way, and Faith Assembly of Christ, Inc. (of Washington DC) (herein "Borrower"), and Choice Settlement Group, LLC (herein as "Trustee") and the Beneficiary, **Randy E. Otis and Annetta L. Otis**, a corporation organized and existing under the laws of **Maryland**, whose address is PO BOX 56, CHELTENHAM, MD 20623 (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the **County of Prince George's, State of Maryland:**

"SEE EXHIBIT 'A' ATTACHED HERETO MADE APART HEREOF"

which has the address of **12807 Duley Station Road, Upper Marlboro, MD 20772** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **October 14, 2022**, and extensions and renewals thereof (herein "Note"), in the principal sum of **THREE HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($350,000.00)**, with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **April 5, 2023;** the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of the Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust encumbrance if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0293, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0294, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds, at Lender's option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation,

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0295, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 12 hereof specifying; (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any**

other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail or cause Trustee to mail a written notice of sale to Borrower in the manner prescribed by applicable law. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender, or Lender's designee, may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all costs and expenses of the sale, including, but not limited to, Trustee's fees of _____ percent ( 5 %) of the gross sale price, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender or Trustee shall release this Deed of Trust without charge to Borrower and mark the Note "paid" and return the Note to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the city or county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (SEAL)
Alfonso Way

_____ (SEAL)
Tawanna Way

Faith Assembly of Christ, Inc. (of Washington DC) Inc., a Corporation

By: _____ (SEAL)
Alfonso Way

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0296, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0297, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

STATE OF MARYLAND
COUNTY OF PRINCE GEORGE'S, to wit:

I hereby certify that on the 14th day of October, 2022, before me, the subscriber, a Notary Public of the State of Maryland, in and for the County aforesaid, personally appeared Alfonso Way, Tawanna Way and Alfonso Way of Faith Assembly of Christ, Inc. (of Washington DC), known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and made oath in due form of law that the matters and facts set forth herein are true.

As witness, my hand and notarial seal.

Signature of Notary Public

My Commission Expires:

SABRINA HARPER
Notary Public, State of Maryland
Prince George's County
My Commission Expires December 2, 2025

STATE OF MARYLAND, COUNTY OF PRINCE GEORGE'S ss.:

I Hereby Certify, That on this **14th day of October, 2022,** before me, the subscriber, a Notary Public for and in the jurisdiction aforesaid, personally appeared **Regina Bullock,** the agent of the party secured by the foregoing Deed of Trust, and made oath in due form of law that the consideration recited in said Deed of Trust is true and bona fide as therein set forth and that the actual sum of money advanced at the closing transaction by the secured party was paid over and disbursed by the party or parties secured to the Borrower or to the person responsible for disbursement of funds in the closing transaction or their respective agent at a time not later than the execution and delivery by the Borrower of this Deed of Trust; and also made oath that he/she is the agent of the party or parties secured and is duly authorized to make this affidavit.

WITNESS my hand and official seal.

_____
Notary Public
My commission expires _____

SABRINA HARPER
Notary Public, State of Maryland
Prince George's County
My Commission Expires December 2, 2025

[Space Below This Line Reserved For Lender and Recorder]

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0299, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

# "Exhibit A"

All of those lots or parcels of land located in Prince George's County, Maryland and more particularly described as follows:

BEING two (2) parcels of land hereinafter described, the first parcel of land being part of the lands acquired by Harrison B. Irwin and Charlotte W. Irwin from Matilda Wood Duvall and Peter Wood Chichester, executors of the last will of Fredericka Johns Woods, by deed dated November 19, 1953, as recorded in Liber 1675, at folio 410, the second parcel of land being comprised of part of the property acquired by Harrison B. Irwin and Charlotte W. Irwin by the aforementioned deed recorded in Liber 1675, at folio 410 and part of the Lands acquired by Harrison B. Irwin and Charlotte W. Irwin from the Potomac Electric Power Company, by deed dated September 8, 1959, as recorded in Liber 2376, at folio 568, all among the Land Records of Prince George's County, Maryland, said parcels of land being described as follows:

PART ONE FEE:

BEGINNING for the first parcel of land at a point on the southerly Right of Way line of Duley Station Road, 50 foot Right of Way, said point lying 25 feet southerly of and radial to Centerline Station 91+69.87 as shown on Prince George's county Right of Way Plat Number 377, said point also lying North 02 degrees 08 minutes 32 seconds West 2.78 feet from a pipe found at the northerly corner of Parcel 49, thence running with and binding on the southerly Right of Way line of Duley Station Road as now laid out and existing:

153.26 feet along the arc of a curve deflecting to the left, having a radius of 661.80 feet and a chord bearing and distance of South 73 degrees 47 minutes 12 seconds East, 152.92 feet to a point, thence;
South 80 degrees 25 minutes 16 seconds East, 1,114.91 feet to a point of curvature, thence;
310.49 feet along the arc of a curve deflecting to the right, having a radius of 548.04 feet and a chord bearing and distance of South 64 degrees 11 minutes 27 seconds East, 306.36 feet to a point, thence;
South 47 degrees 57 minutes 37 seconds East 444.14 feet to a point of curvature, thence;
113.03 feet along the arc of a curve deflecting to the left, having a radius of 661.61 feet and a chord bearing and distance of South 52 degrees 50 minutes 55 seconds East, 112.89 feet to a point on said southerly Right of Way line of Duley Station Road, said point also lying on and along a portion of the Fifth or South 46 degrees 30 minutes East 245 4/5 perch line as described in Liber 1675 at folio 410, running thence with a portion of said original deed line;
South 49 degrees 51 minutes 23 seconds East, 206.42 feet to a point, said point being

at the common corner of the property acquired by Harrison B. Irwin and Charlotte W. Irwin by the aforementioned deed recorded in Liber 1675 at folio 410, and a portion of the property acquired by Harrison B. Irwin and Charlotte W. Irwin from the Potomac Electric Power Company, by deed dated September 8, 1959 as recorded in Liber 2376 at Folio 568, running thence with a portion of the property acquired by said Liber 2376 at folio 568;
North 33 degrees 51 minutes 19 seconds East, 54.97 feet to a point near the southerly Right of Way line of Duley Station Road,
thence;
South 75 degrees 28 minutes 42 seconds East, 7.21 feet to an iron pipe found at the northerly common corner of the property of said Harrison B. and Charlotte W. Irwin, and the Property of Willie R. Lee, Jr. and Kimberly S. Lee, Liber 16385, folio 616, Parcel 155, running thence with the common division line between Irwin, Liber 2376, folio 568 and Lee, Liber 16395, folio 616; South 28 degrees 41 minutes 19 seconds West 76.92 feet to an iron pipe found at the common corner of part of the property acquired by said Harrison B. and Charlotte W. Irwin by deed recorded in Liber 1675, at folio 410, and the property of said Willie R. Lee, Jr. and Kimberly S. Lee, Liber 16385, at folio 616, thence running with said common division line between said Irwin and Lee;
South 47 degrees 09 minutes 18 seconds West, 246.90 feet to an iron pipe found, thence; South 36 degrees 04 minutes 46 seconds West, 73.44 feet to a 36 inch Oak Tree, thence; South 06 degrees 59 minutes 08 seconds West 132.00 feet to an iron pipe found, thence; South 22 degrees 26 minutes 27 seconds East, 104.48 feet to an iron pipe found, thence; North 72 degrees 56 minutes 46 second East 630.13 feet to an iron pipe found at the easterly common corner of the property of said Harrison B. and Charlotte W. Irwin, Liber 2376, folio 568, and the property of said Willie R. Lee, Jr. and Kimberly S. Lee, Liber 16385, at folio 618, said point also lying on the westerly outline of a 250 foot Potomac Electric Power Company Transmission Right of Way, thence running with the common division line between the property of Harrison B. and Charlotte W. Irwin by Deeds recorded in Liber 2376, at folio 568, and Liber 1675, at folio 410, and the property of the Potomac Electric Company, Liber 2376, folio 564; South 01 degrees 51 minutes 11 seconds East 3,639.21 feet to a point, said point being at the common corner of the property of said Harrison B. and Charlotte W. Irwin, Liber 1675, at folio 410, and the property of Joseph R. Farmer, Liber 3655, folio 268, Parcel 64 running thence with the common division line between said Irwin and Farmer;
South 61 degrees 22 minutes 42 seconds West 150.58 feet to a point at the common corner of the property of said Irwin Farmer and the property of Alexis Shada Company, Inc., Liber 12472, folio 182, parcel 37, thence running with the common division line between said Harrison and Alexis Shada Company, Inc.
North 50 degrees 36 minutes 28 seconds West, 720.14 feet to a fence post found by two large stones, said fence post being at the common corner of the property of said Irwin, Alexis Shada Company, Inc., and the property of George W. Walker, Liber 12867, folio 215, Parcel 215, thence running with the common division line between the property of said Harrison B. Irwin and George W. Walker, and also along the common division line of George A. Aist, Liber 6913, folio 823, Parcel 64, David T. Rawlings, Liber 6534, folio 705, Parcel 99, and Rita J. Oats, Liber 6534, folio 713, Parcel 166;
North 37 degrees 28 minutes 00 seconds West 3,999.46 feet to an iron pipe found by a

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0300, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

stone at the common corner of the property of said Harrison B. Irwin, Rita J. Oats, and the property of Henry A. Meinhardt, Liber 4126, Folio 964, Parcel 49, passing iron pipes found along the entire division line at distances of 1,825.27 feet, 2,367.19 feet and 3,084.96 feet, thence running with the deed line of Liber 1675, at folio 410, along an ancient fence line;
North 62 degrees 51 minutes 28 seconds East, 603.90 feet to a point, thence;
North 02 degrees 08 minutes 32 seconds West, 957.14 feet to the point of beginning, passing in transit an iron pipe found 2.78 feet from the end thereof.
CONTAINING 8,008,647 square feet or 183.8532 acres of land, as shown on a Plat prepared by .. RDA Engineering Company in October, 2003.

PART TWO-FEE:

BEGINNING for the said second parcel of land at an iron pipe set at the common corner of the property of said Harrison B. Irwin, Liber 1675, folio 410, and the property of Peggy Woods, Liber 3472, folio 2, Parcel 23, said point also lying on the easterly outline of a 250 foot Potomac Electric Power company Transmission Right of Way line, running thence with the common division line between the property of said Harrison B. Irwin, Liber 1675, folio 410, and Peggy Woods, Liber 3472, folio 4;

South 49 degrees 51 minutes 23 seconds East, 2,272.29 feet to a fence post found at the common corner of the property of said Harrison B. Irwin, Peggy Woods, and Lot 5 of the Land Tree Subdivision, Plat book NLP 26, at plat 87, and the property of Russell Watson, Sr., Liber 5498, folio 330, Parcel 29, running thence with the common division line between the property of said Harrison B. Irwin and Russell Watson, Sr.,
South 33, degrees 17 minutes 32 seconds West, 1,647.13 feet to an iron pipe found at the common corner of the property of said Harrison B. Irwin,. and the property of Russell Watson, Sr., Liber 5498, folio 334, Parcel 3, and the property of Joyce D. Duckett, Liber 8690, folio 551, parcel 2, thence running with the common division line between the property of said Harrison B. Irwin and the property of Joyce D. Duckett;
South 61 degrees 22 minutes 42 seconds West 829.44 feet to a point at the common corner of the property of said Harrison B. Irwin, Liber 1675, folio 410, and the property of the aforementioned Joseph R. Farmer, Liber 3655, folio 268, Parcel 64, passing in transit an iron pipe found lying 1.3 feet along said line from the end thereof, said common corner also lying on the easterly outline of the aforementioned 250 foot Potomac Electric Power Company Transmission Right of Way line, thence running with the said easterly outline of the Potomac Electric Power Company property and the westerly line of the property of said Harrison B. Irwin; North 01 degrees 51 minutes 11 seconds West, 3,240.79 feet to the point of beginning.

CONTAINING 3,058,002 square feet or 70.201 acres of land, as shown on a plat prepared by RDA Engineering Company in October, 2003.

Subject to a 30 foot Right of Way for ingress and egress to the Willie R. Lee, Jr. property in Liber 16385, folio 618.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0301, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

PRINCE GEORGE'S COUNTY CIRCUIT COURT (Land Records) MEA 48264, p. 0302, MSA_CE64_48573. Date available 11/02/2022. Printed 04/16/2024.

TOGETHER WITH, the right of ingress and egress across the land of Potomac Electric Power Company, as reserved within Deed by and between Harrison B. Irwin and Charlotte W. Irwin and Potomac Electric Power Company dated September 19, 1959; and recorded among the Land Records of Prince George's County, Maryland in Liber 2376, folio 564.

ALL THREE (3) PARCELS BEING ASSESSED AS 253.9400 ACRES (TAX ID #04-0257790)